1   **DAVID ALLEN (SBN 87193)**
DAVID ALLEN & ASSOCIATES
2   5230 Folsom Boulevard
Sacramento, California 95819
3   (916) 455-4800 Telephone
(916) 451-5687 Facsimile
4
Attorneys for Plaintiff
5   MICHAEL ARREGUIN

6

7

8
UNITED STATES DISTRICT COURT
9
EASTERN DISTRICT OF CALIFORNIA
10

11
| | |
|---|---|
| MICHAEL ARREGUIN , | Case No. |
| Plaintiff, | **VERIFIED COMPLAINT FOR:** |
| v. | **1. Breach of ERISA Plan (ERISA 502(a)(1)(B) and 502(a)(3); and** |
| METROPOLITAN LIFE INSURANCE COMPANY, and DOES 1 to 100, | **2. Attorney Fees & Costs** |
| Defendants. | |

12

13

14

15

16

17

18                              **ALLEGATIONS**

19   1.      This action seeks damages for the denial of total disability benefits under a disability

20          insurance plan.

21   2.      METROPOLITAN LIFE INSURANCE COMPANY is an insurance company

22          underwriting, servicing, and performing all other functions necessary to place and

23          administer benefits for various financial instruments including, without limitation, long

24          term disability insurance policies.  "METLIFE" as used herein, designates

25          METROPOLITAN LIFE INSURANCE COMPANY in all forms in which it exists or

26          existed, or is recognized as existing, during relevant times mentioned in this complaint

27          and in all forms in which it conducts business.

28   3.      METLIFE issued a policy ("Plan") to The Nielsen Company. ("EMPLOYER")  Policy

1   No. 191117-1-G.  By amendments to the Plan, Plaintiff, MICHAEL ARREGUIN'S

2   EMPLOYER, was allowed to participate. [**Exhibit 1**]

3   4.   Attached are exhibits which are Bates stamped.  Throughout this Complaint Bates stamps

4   shall be referenced without the additional Bates zeros for convenience, "1 through 1764":

5   **Exhibit 1** Bates Stamped POL 001-082; **Exhibit 2** Bates Stamped CF 001 through CF

6   60, **Exhibit 3** Bates Stamped CF 61 through CF 85, **Exhibit 3** Bates Stamped CF 86

7   through CF 197, **Exhibit 4** Bates Stamped CF 198 through CF 318, **Exhibit 5** Bates

8   Stamped CF 319 through CF 433, **Exhibit 6** Bates Stamped CF 434 through CF 548,

9   **Exhibit 7** Bates Stamped CF 549 through CF 716, **Exhibit 8** Bates Stamped CF 717

10  through CF 808, **Exhibit 9** Bates Stamped CF 809 through CF 934, **Exhibit 10** Bates

11  Stamped CF 935 through CF 1044, **Exhibit 11** Bates Stamped CF 1045 through CF 1157,

12  **Exhibit 12** Bates Stamped CF 1158 through CF 1253, **Exhibit 13** Bates Stamped CF

13  1254 through CF 1369, **Exhibit 14** Bates Stamped CF 1370 through CF 1475, **Exhibit 15**

14  Bates Stamped CF 1476 through CF 1606, **Exhibit 16** Bates Stamped CF 1607 through

15  CF 1694, **Exhibit 17** Bates Stamped CF 1695 through CF 1764, and **Exhibit 18** Bates

16  Stamped CA 001.  These Exhibits are true and correct copies (redacted pursuant to

17  Federal Rules) of:

18          1.      **Exhibit 1**: METLIFE- Policy No. 191117-1-G provided by The Nielsen

19                  Company September 17, 2013;

20          2.      **Exhibit 2-17**: Insurance Claim Record produced by Defendant METLIFE

21                  [August 8, 2013, October 31, 2014, and March 31, 2015] with Long Term

22                  Disability Application submitted February 17, 2014.

23          3.      **Exhibit 18**: METROPOLITAN LIFE INSURANCE COMPANY

24                  California Secretary of State Corporate Filing Record showing the

25                  corporation has been active in California since 1901.

26  5.   METLIFE wrote and administered the insurance plan while doing business in California.

27       [**Exhibit 18**]

28  6.   Venue is properly laid within the United States District Court, Eastern District of

**COMPLAINT**

California, pursuant to 29 U.S.C. §1132(e)(2) because the employer, plan and administrator do business within this district, and because the ends of justice so require. [**Exhibits 1-18**]

7.      This Court's jurisdiction is invoked pursuant to 28 U.S.C. §1337 and 29 U.S.C. §1132(e). Plaintiff's claims arise under the "ERISA" 29 U.S.C. §1001, et. seq.

8.      Plaintiff is informed and believes and upon such information and belief alleges that each of the defendants named herein was the agent or employee of each of the other defendants, or otherwise affiliated with them, in all the matters alleged herein, and in doing all the matters complained of, acting within the course and scope of such agency, employment or affiliation.

9.      Defendant METLIFE is a corporation acting as the agent for EMPLOYER, and vice versa; Defendants are charged with certain claims-handling responsibilities under the Plan. [**Exhibit 1**]

10.     Defendant METLIFE funded the disability benefits under the Plan.  [**Exhibit 1**]

11.     Plaintiff MICHAEL ARREGUIN was employed by EMPLOYER as a Field Representative.  It is a medium level job which requires significant bending and reaching, as well as interpersonal skills. [**Exhibit 3:71 & 7a:688-690**]

12.     Part of the compensation package EMPLOYER paid Plaintiff MICHAEL ARREGUIN was insurance for long term disability.  [**Exhibit 1**]

13.     During Plaintiff's employment with EMPLOYER, Plaintiff suffered a fall resulting in bilateral knee damage.  Plaintiff's bilateral knee injuries prevented him from performing his job duties and altered his gait leading to a low back injury.  [**Exhibits 2:14-18, 20-24; 6:366-370, 372-376; 7.1:509-536; 7.2:592-3, 619-646, 663-683; 11:1067-1094; 12:1177-1204,1221-1241; 13:1282-1318, 1327-1369; 14:1370-1385, 1389-1394, 1405-1409, 1417-1421, 1430-1435, 1440-1442, 1449-1451, 1455-1456, 1460-1475; 15:1461-1558; 17:1742-1750**]

14.     Plaintiff underwent two knee surgeries.  The first July 30, 2012 and the second April 1, 2013.  [**Exhibit 2:14**]

15.   Plaintiff applied for Long Term Disability through METLIFE, beginning March, 2009.

[**Exhibit 3**]

16.   The Plan requires applicants to apply for Social Security benefits. [**Exhibit 1**]

17.   Plaintiff applied for Social Security Disability.  He is at the Hearing Level of appeal, but

no date is yet set.  [**Exhibit 7.1:CF 463-508**]

18.   Social Security Disability, or Title II of the Social Security Act, is administered by the

Social Security Administration. Title II appears in the United States Code as §§401-433,

subchapter II, chapter 7, Title 42.

19.   The Social Security Administration's website states:

"The definition of disability under Social Security is different than other
programs. Social Security pays only for total disability. No benefits are payable
for partial disability or for short-term disability.

"Disability" under Social Security is based on your inability to work. We consider
you disabled under Social Security rules if:

You cannot do work that you did before;

We decide that you cannot adjust to other work because of your medical
condition(s); and

Your disability has lasted or is expected to last for at least one year or to result in
death.

This is a strict definition of disability. Social Security program rules assume that
working families have access to other resources to provide support during periods
of short-term disabilities, including workers' compensation, insurance, savings
and investments." http://www.socialsecurity.gov/dibplan/dqualify4.htm

"Your condition must interfere with basic work-related activities for your claim to
be considered. If it does not, we will find that you are not disabled. . . ."
http://www.socialsecurity.gov/dibplan/dqualify5.htm

20.   The EMPLOYER Plan states:

"Disabled or Disability means that, due to Sickness or as a direct result of
accidental injury:
• You are receiving Appropriate Care and Treatment and complying with the
requirements of such treatment; and
• You are unable to earn:
• during the Elimination Period and the next 36 months of Sickness or accidental
injury, more than 80% of Your Predisability Earnings at Your Own Occupation
from any employer in Your Local Economy;
and
• after such period, more than 80% of your Predisability Earnings from any
employer in Your Local Economy at any gainful occupation for which You are

4
**COMPLAINT**

reasonably qualified taking into account Your training, education and experience." **[Exhibit 1]**

21.    METLIFE investigated Plaintiff's claim.  METLIFE paid Plaintiff's claim for his own occupation period and for three months following his second surgery.  He was advised by letter dated August 18, 2014 he would receive a past due payment covering June 16, 2009 through July 11, 2013 following the deduction of offsets.

22.    With the assistance of counsel Plaintiff appealed the termination of ongoing benefits.  In support of the appeal, Plaintiff submitted a letter and medical records January 7, 2015:

"As Michael Arreguin became disabled due to injuries sustained in a fall while working for his employer He attended a Qualified Medical Examination ("QME") on August 21, 2013:

In the last two years he did a left knee MRI.

They did accept that the right knee was industrial and did an MRI and then he had surgery; this was July 2012.

He developed back pain also in 2011 after he saw me.

He has not had physical therapy for the back. He did have x rays.

His back pain is persistent and lower spine. It may be less but may act up to be a 4-5/10.

This pain comes with activity. When he walks for long distances he had problems with his back.

He has bilateral knee pain. He still wears knee braces for a few days. The left knee is painful and feels pain in both joints.

He did 12 PT on both knees.

His doctor wants to do 8-10 sessions on both knees and the back together.

The pain is aggravated by bending, kneeling, climbing and kneeling.

Overall, Mr. Arreguin is currently reporting an average level of ongoing pain with moderate peak pain and a high level of disability. He is not currently reporting any unusual psychological distress, and he is reporting significantly lower levels of maladaptive coping than in 2010. If there is an objective medical explanation for Mr. Arreguin's reports of a high level of disability, he appears to be coping with his condition at least adequately. If there is not an objective medical explanation for his reports of disability, the possibility of seeking the disabled role should be considered.

**COMPLAINT**

A copy of the report is attached as **Exhibit 1**." [**Exhibits 13:CF 1276 - 15:CF 1560**]

23.   METLIFE requested a peer review from MES Solutions.  On February 2, 2015 Mark D. Watson, M.D. reviewed the medical records and prepared a responsive report. [**Exhibits 15-17:CF 1593-1600, 1603-1606, 1607-1610, 1613-1620, 1623-1630, 1643-1650, 1654-1661, 1664-1671, 1674-1681, 1690-1694, 1695-1697, 1706-1713, 1717-1724, 1728-1735**]

24.   METLIFE sent the report to Plaintiff and his treating physicians. Plaintiff received the report with nine days to respond.  Through counsel he encouraged his providers to respond, but no provider responded either to support or deny the report [**Exhibits 15:CF 1601 - 16:1661**]

25.   METLIFE wrote to Plaintiff March 13, 2015 re-affirming its denial of benefits :

"For the reasons detailed below we are upholding the termination of your client's LTD benefits based on our conclusion that he did not continue to satisfy the Plan's defintion of disability.." [**Exhibit 17: CF 1759-1763**]

26.   This denial exhausted Plaintiff's administrative remedies. [**Exhibit 17:CF 1762**]

27.   Plaintiff's counsel requested an updated copy of the claim file and METLIFE provided the file March 31, 2015. [**Exhibits 8-17**]


**FIRST CAUSE OF ACTION**: **BREACH OF CONTRACT: ERISA PLAN BENEFITS (ERISA 502(a)(1)(B) and 502(a)(3):**

PLAINTIFF MICHAEL ARREGUIN, FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY ALLEGES:

28.   Plaintiff refers to Paragraphs 1 though 27 above and incorporates those paragraphs as though set forth in full in this Cause of Action.

29.   Plaintiff was enrolled under the Plan which at all relevant times was in full force and affect.  The terms and conditions of the plans at issue provided the Plaintiff would be covered for disability due to sickness or injury when he could no longer perform the material and substantial duties of his/her occupation while under a doctor's care. The plan and its promised benefits were offered to Plaintiff as part of his compensation in

**COMPLAINT**

1   exchange for providing service to EMPLOYER and is thereby subject to ERISA.

2   30.   Plaintiff  performed all the conditions on his/her part which the plan required him/her to

3         perform.

4   31.   On or about March 17, 2009, Plaintiff became disabled and timely submitted a claim for

5         disability benefits.  METLIFE paid but terminated benefits July 12, 2013. Defendant

6         METLIFE stated Plaintiff was capable of performing some job duties.

7   32.   Defendants breached the terms of the plans thereby violating 29 U.S.C. §1132, ERISA

8         502(a)(1)(B) and 502(a)(3), by continually refusing and failing to pay disability benefits

9         to Plaintiff.

10  33.   As a direct and legal result of the violation of 29 U.S.C. §1132, ERISA 502(a)(1)(B) and

11        502(a)(3), by Defendant as herein alleged, Plaintiff suffered, and will continue to suffer in

12        the future, damages under the terms of the policy, plus interest, for a total amount to be

13        determined at the time of trial.

14  34.   Defendants have unreasonably, arbitrarily and capriciously breached the obligations set

15        forth in the ERISA regulations and in the plans issued by Defendants.  Defendants

16        unreasonably, arbitrarily and capriciously withheld from Plaintiff the benefits promised

17        by the plan.

18  35.   METLIFE's evaluation of Plaintiff's claim served METLIFE's ends, rather than the

19        insured's best interests in violation of 29 U.S.C. §1132, ERISA 502(a)(1)(B) and

20        502(a)(3).

21

22  **SECOND CAUSE OF ACTION**: **FOR AN AWARD OF ATTORNEYS FEES AND COSTS**

23  **AGAINST DEFENDANT PURSUANT TO 29 U.S.C. § 1132(g)(1)**

24  PLAINTIFF MICHAEL ARREGUIN, FOR A SECOND CAUSE OF ACTION AGAINST

25  DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY ALLEGES:

26  36.   Plaintiff refers to Paragraphs 1 though 35 above and incorporates those paragraphs as

27        though set forth in full in this Cause of Action.

28  37.   29 U.S.C. §1132(g)(1) authorizes this Court to award reasonable attorney's fees and costs

7

**COMPLAINT**

1    of action in an ERISA action.

2    38.    As a result of the actions and failings of the Defendants, Plaintiff retained the services of

3    legal counsel and has necessarily incurred attorney's fees and costs in prosecuting this

4    action.  Further, Plaintiff anticipates incurring additional attorney's fees and costs in

5    pursuing this action, all in a final amount which is currently unknown.  Plaintiff therefore

6    requests an award of reasonable attorney's fees and costs.

7    WHEREFORE, Plaintiff prays for judgment against Defendants and each of them, as

8    follows:

9    1.    Damages to date of judgment for failure to provide full benefits under the Plan, plus

10    interest, including prejudgment interest, in a sum to be determined at the time of trial;

11    2.    For attorneys' fees and expenses reasonably incurred by Plaintiff to obtain the Plan

12    benefits, in a sum to be determined at the time of trial;

13    3.    For costs of suit incurred herein; and

14    4.    For such other and further relief as the Court deems just and proper.

15

16    DATED: July 16, 2015                    DAVID ALLEN & ASSOCIATES

17                                    *//s// David Allen*

18                                    By_____
                                        DAVID ALLEN
19                                      Attorney for Plaintiff
                                        MICHAEL ARREGUIN
20

21

22

23

24

25

26

27

28

**COMPLAINT**