1

2

3

4

5                       UNITED STATES DISTRICT COURT

6                      EASTERN DISTRICT OF CALIFORNIA

7

8    MICHAEL ARREGUIN,                    No.  2:15-cv-01540-GEB-EFB

9              Plaintiff,

10       v.                               **ORDER**

11   METROPOLITAN LIFE INSURANCE
     COMPANY, and DOES 1 to 100,
12
               Defendants.
13

14

15        Plaintiff filed a "Notice of Settlement" on November

16   30, 2015, in which he states:

17           the parties to the above-entitled action
             reached a settlement which disposes of this
18           matter in its entirety. The parties are in
             the process of finalizing the settlement
19           documents, and anticipate that they will be
             in a position to file a stipulation for
20           dismissal of all claims against all parties,
             with prejudice, within the next 30 days.
21

22   (Notice of Settlement, ECF No. 12.)

23        Therefore, a dispositional document shall be filed no

24   later than December 30, 2015. Failure to respond by this deadline

25   may be construed as consent to dismissal of this action without

26   prejudice, and a dismissal order could be filed.  See E.D. Cal.

27   R. 160(b) ("A failure to file dispositional papers on the date

28   prescribed by the Court may be grounds for sanctions.").

                                    1

1   Further, the Status Conference scheduled for hearing on
2   December 21, 2015, is continued to commence at 9:00 a.m. on
3   February 1, 2016, in the event no dispositional document is
4   filed, or if this action is not otherwise dismissed.[1]   A joint
5   status report shall be filed fourteen (14) days prior to the
6   status conference.

7   IT IS SO ORDERED.
8   Dated:  December 3, 2015

9
10
11   _____
     GARLAND E. BURRELL, JR.
     Senior United States District Judge
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26   _____
     [1]    The status conference will remain on calendar, because the mere
27   representation that a case has been settled does not justify vacating a
     scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987)
28   (indicating that a representation that claims have been settled does not
     necessarily establish the existence of a binding settlement agreement).